IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLOS A. MARTINI-SANCHEZ,

    Petitioner,

    v.

JEFFREY WOLFE, Warden,

    Respondent.

CASE NO. 2:07-CV-976
JUDGE MARBLEY
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURAL HISTORY

On May 25, 2005, while represented by counsel and pursuant to the terms of his negotiated plea agreement, petitioner pleaded guilty to aggravated robbery in violation of O.R.C. §2911.01, with a firearm specification. *Exhibits 3 and 4 to Return of Writ*. The trial court sentenced petitioner to an aggregate term of seven years incarceration. *Exhibit 4 to Return of Writ*. Petitioner did not file an appeal. On January 26, 2006, petitioner filed a motion for sentence reduction, *Exhibit 6 to Return of Writ*, which was denied on February 15, 2006. *Exhibit 8 to Return of Writ*. On April 3, 2007, petitioner filed a petition for post conviction relief in which he asserted claims of ineffective assistance of counsel and "illegal

sentence." *Exhibit 9 to Return of Writ*. On April 17, 2007, the trial court denied petitioner's post conviction petition. *Exhibit 11 to Return of Writ*. Petitioner apparently never filed an appeal from that decision.

On September 27, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon claims of "ineffective assistance of counsel – illegal sentence...." *Petition*. It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d) and that petitioner's claims are procedurally defaulted.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

2

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on September 23, 2005, thirty days after the trial court's August 24, 2005, corrected judgment entry of sentence, and when the period in which to file a timely appeal expired. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations therefore expired one year later, on September 23, 2006. Petitioner waited approximately another year, until September 17, 2007, to execute the instant habeas corpus petition. Petitioner's April 3, 2007, post conviction petition did not toll or otherwise affect the running of the statute of limitations, because the statute of limitations had already expired prior to the date petitioner filed that petition. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578 (unpublished), 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify the equitable tolling of

the statute of limitations in this case. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Petitioner alleges that he filed a state post conviction petition on July 15, 2005. In support of this allegation, petitioner refers to the certificate of service on his post conviction petition, in which he indicated that he mailed his petition on July 15, 2005, and to a letter dated March 6, 2007, to the clerk of the trial court inquiring as to the status of his post conviction petition. *See Exhibit A to Traverse*. Petitioner also asserts that equitable tolling of the statute of limitations is appropriate because he delivered his post conviction petition to prison officials for mailing in July 2005, and because theft, loss and sabotage by prison officials in handling prison mail is not uncommon. He argues that dismissal of his habeas corpus petition as untimely would reward the respondent for such allegedly inappropriate behavior by prison officials.[1]

Petitioner's arguments are not persuasive. Petitioner's post conviction petition was time stamped as filed on April 3, 2007. *Exhibit 9 to Return of Writ.* The state trial court, in its dismissal of petitioner's post conviction petition, indicated that the petition had been filed on April 3, 2007. *Exhibit 11 to Return of Writ.* Such a factual finding is presumed to be correct in these proceedings. 28 U.S.C. §2254(e). Further, petitioner has offered no evidence, aside from his own unsupported allegation, that he delivered his post conviction petition to prison officials for mailing in July 2005.

In any event, and as noted by the respondent, petitioner's claims remain

---

[1] Petitioner states that he did not learn of the trial court's April 17, 2007, dismissal of his post conviction until December 14, 2007, after he filed the instant habeas corpus petition. *See Traverse.*

4

unexhausted. 28 U.S.C. §2254(b); *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).

Petitioner asserts, *inter alia*, that he was improperly sentenced and denied the effective assistance of counsel because his attorney failed to object to his sentence. These claims are apparent from the face of the record, and therefore should have been, but were not, raised on direct appeal. However, petitioner may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). Although it appears that the statute of limitations may bar any re-filing of this action upon exhaustion of state remedies, the record nonetheless fails to reflect that a stay of proceedings would be appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


December 4, 2008                                              *s/Norah McCann King*
                                                                          Norah McCann King
                                                                          United States Magistrate Judge